Filed 8/17/23  In re O.S. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE O.S., et al.,<br><br>Persons Coming Under The Juvenile Court Law.<br>_____<br><br>SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.S.,<br><br>Defendant and Appellant. | 2d Juv. No. B325469<br>(Super. Ct. Nos. 21JV00209, 21JV00210)<br>(Santa Barbara County) |

C.S. (father) appeals the juvenile court's order terminating his parental rights to his minor children O.S. and A.S. with a

permanent plan of adoption.  (Welf. & Inst. Code,[1] § 366.26.)
Father's sole contention is that Santa Barbara County Child
Welfare Services (CWS) and the juvenile court failed to comply
with the inquiry requirements of the Indian Child Welfare Act
(ICWA; 25 U.S.C.S. § 1901 et seq.) and related California law
(Welf. & Inst. Code, § 224.2).[2]  We affirm.

## FACTS AND PROCEDURAL HISTORY

Father is the presumed parent of O.S. and A.S.  CWS filed
a section 300 petition after father surrendered the children to
social workers in May of 2021.  The juvenile court ordered both
children detained.  Father and mother denied Indian ancestry at
the detention hearing.  The juvenile court ordered father and
mother to provide CWS with a list of maternal and paternal
relatives.  It did not make findings on whether ICWA applied.

The jurisdiction and disposition report stated mother
participated in a family assessment on June 25, 2021, but did not
answer her phone when the agency called four days later to
conduct a family finding interview.  She did not return the social
worker's voicemail.  The agency located no maternal relatives
using LEXIS but eventually reached a maternal aunt and
maternal great aunt who denied Indian ancestry.  Voicemails to
three maternal cousins were not returned.  The agency spoke
with the paternal grandmother, but the jurisdiction and

---

[1] All further statutory references are to the Welfare and
Institutions Code.

[2] "[B]ecause ICWA uses the term 'Indian,' we do the same
for consistency, even though we recognize that other terms, such
as 'Native American' or 'indigenous,' are preferred by many."  (*In
re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

2

disposition report did not state whether the agency questioned her about ancestry.

The juvenile court sustained the section 300 petition on July 6, 2021. It found ICWA did not apply. The court terminated mother's reunification services at the six-month review hearing in January of 2022. Father continued to receive them over the next six months. The court terminated his services when he agreed to a settlement providing him with regular supervised visitation with O.S. and A.S.

Father appeared for a section 366.26 permanency planning hearing in October of 2022. Mother did not appear. CWS requested the court either continue the case or set a pretrial conference so the agency could make additional ICWA inquiries. The court set a pretrial conference for December 8, 2022. CWS later filed an addendum stating that paternal grandmother and two maternal great aunts had denied Indian ancestry as well. At the pretrial conference, the court reiterated ICWA did not apply and terminated mother's and father's parental rights. It found adoption to be the permanent plan for both children.

## DISCUSSION

Father contends the order terminating his parental rights must be reversed and the matter remanded to the juvenile court. He argues the court failed to comply with ICWA's inquiry requirements and section 224.2 because CWS did not contact four family members who were available to provide information about potential Indian ancestry: maternal grandmother, maternal great-grandmother, and two paternal aunts named Jessica and Katie. We are not persuaded.

We generally review a juvenile court's ICWA findings for substantial evidence. (*In re J.K.* (2022) 83 Cal.App.5th 498, 504.)

3

The parties do not dispute the material facts. As such, ""we review independently whether ICWA requirements have been satisfied."" (*Ibid.*)

ICWA defines an "'Indian child'" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C.S. § 1903(4) & (8); § 224.1, subd. (a).) The juvenile court and county welfare department have an affirmative and continuing duty to inquire whether a child subject to dependency proceedings is or may be an Indian child. (§ 224.2, subd. (a); Cal. Rules of Court, rules 5.481(a) & 5.668(c).)

Father describes maternal grandmother and maternal great-grandmother as "readily available" to field ICWA inquiries because mother mentioned them during her social study/family assessment interview on June 25, 2021. The record contradicts this assertion. A LEXIS relative search conducted by CWS on June 29 during its family finding efforts generated no results for mother. Mother did not answer her phone that day or return the social worker's voicemail inquiring about relatives. She stopped attending court proceedings altogether after the July 6, 2021 jurisdiction and disposition hearing. She had minimal communication with CWS and her whereabouts became unknown. (See *In re Q.M.* (2022) 79 Cal.App.5th 1068, 1082, interpreting § 224.2, subd. (b) ["we cannot ask [CWS] to intuit the names of unidentified family members or to interview individuals for whom no contact information has been provided"].)

The record shows "Jessica" is the girlfriend of father's brother, Enrique. CWS had no reason to ask her about Indian ancestry because Enrique denied ancestry early in the

4

proceedings. Paternal aunt "Katie," was interviewed shortly after father surrendered O.S. and A.S. but apparently not questioned concerning ICWA. However, we conclude failing to follow up with her is not error in these circumstances because her mother (i.e., paternal grandmother) and two brothers (paternal uncle Enrique and father) all denied Indian ancestry on their side of the family.

**DISPOSITION**

The judgment (order terminating parental rights) is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P.J.

YEGAN, J.

5

Gustavo Lavayen, Judge

Superior Court County of Santa Barbara

_____

Jacques Alexander Love, under appointment by the Court of Appeal, for Defendant and Appellant C.S

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Senior Deputy Counsel, for Plaintiff and Respondent.